UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN WILLIS RICHARD,

                              Petitioner,

      v.                                                      9:03-CV-0920
                                                                            (FJS)(GJD)

ROY GIRDICH,

                              Respondent.
_____

APPEARANCES:                             OF COUNSEL:

JOHN WILLIS RICHARD
Petitioner, *pro se*

ANDREW M. CUOMO                   MICHAEL G. MCCARTIN, Esq.
New York State Attorney General      Assistant Attorney General

GUSTAVE J. DI BIANCO, United States Magistrate Judge

**DECISION and ORDER**

      Petitioner John Willis Richard filed his Petition for a Writ of Habeas Corpus on July 23, 2003. Dkt. No. 1. Because his original petition was deficient, Petitioner was directed to file an amended petition. Dkt. No. 3. Petitioner filed an amended petition on September 25, 2003. Dkt. No. 6. Respondent filed a motion for summary judgment seeking dismissal of the amended petition. Dkt. No. 14. This court issued a Report and Recommendation recommending that the summary judgment motion be denied. Dkt. No. 32. The Report and Recommendation was adopted in its entirety and Respondent was directed to respond to the amended petition. Dkt. No. 38. Respondent filed a response on January 28, 2005. Dkt. No. 41.

      Presently before the court are motions from Petitioner (1) seeking discovery in this habeas corpus proceeding; (2) requesting expansion of the record; and (3) for sanctions. Dkt. Nos. 48 and 50. Respondent opposes the motions. Dkt. Nos. 49 and 51. Petitioner has replied to Respondent's opposition to the motion for sanctions. Dkt. No. 52.

**I.    Motion for discovery**

Under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, a party must seek leave of Court before conducting discovery. Rule 6 states, in relevant part:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

*Id*. at Rule 6(a), (b). The scope of discovery to be permitted, if at all, lies in the discretion of the court. *Barry v. U.S.*, 528 F. 2d 1094 (7th Cir.), *cert. denied*, 429 U.S. 826 (1976). Moreover, as stated in the Advisory Committee Notes, "Rule 6 was 'no[t] inten[ded] to extend to habeas corpus, as a matter of right, the broad discovery provisions ... of the [Federal Rules of Civil Procedure].'" *Charles v. Artuz*, 21 F.Supp.2d 168, 169 (E.D.N.Y. 1998) (citations omitted).

> "[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *see also Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir.2003); *Rossney v. Travis*, 2003 WL 135692, at *12 (S.D.N.Y. Jan.17, 2003). Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy*, 520 U.S. at 904. A petitioner may show good cause by presenting "specific allegations" that give the court "reason to

> believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Id*. at 908-909 (*quoting Harris v. Nelson*, 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)). Generalized statements regarding the possibility of the existence of discoverable material cannot yield "good cause." *Gonzalez v. Bennett*, 2001 WL 1537553, at *4 (S.D.N.Y. Nov.30, 2001). The court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his or her habeas corpus petition. *Id.*

*Renis v. Thomas*, No. 02Civ.9256, 2003 WL 22358799, at *1 (S.D.N.Y. Oct. 16, 2003).

Petitioner asks the Court for permission to serve 25 Interrogatories upon Michael McCartin, Esq., who is **not a party** to this action, but is the attorney for the Respondent. Dkt. No. 48. Petitioner has attached to his motion a copy of the proposed interrogatories. *Id.*, Attached proposed interrogatories.

Rule 11 of the Rules Governing Habeas Corpus Proceedings permits the application of the Federal Rules of Civil Procedure to habeas proceedings "to the extent they are not inconsistent with these rules...." Rule 33(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that "any **party** may serve upon **any other party** written interrogatories." (emphasis added). The Federal Rules do not authorize a party to serve written interrogatories upon a non-party. Based on the clear language of Rule 33, interrogatories may not be served upon a person who is not a party to the action. *See Andrulonis v. United States*, 96 F.R.D. 43, 45 (N.D.N.Y. 1982) (interrogatories may not be served on a non-party) (citing 4A J. Moore, *Moore's Federal Practice*, ¶ 33.06 at 33 (2d ed. 1982)); *see also Lehman v. Kornblau*, 206 F.R.D. 345, 345 (E.D.N.Y. 2001) (interrogatories served upon a non-party are a nullity).

Moreover, even if Petitioner were to seek permission to serve the proposed interrogatories

3

upon the Respondent, the Court would deny this request as well.  Petitioner seeks information regarding police reports, witness statements, and purported actions taken by police in connection with Petitioner's arrest, conviction, trial, appeal, and collateral challenges in state court.  Most of the information sought relates to events that occurred, if at all, in 1989.  For example, Petitioner requests information regarding written police reports filed by specific police officers in 1989, written statements made by Gloria Mallory and Sherre Pauline, and information or written reports regarding "deals" made with various persons in exchange for their testimony before the grand jury and/or at trial.  *See* Dkt. No. 48, Attached proposed interrogatories.  Petitioner sets forth no particularized reasons for such sweeping discovery.  *See Renis*, 2003 WL 22358799, at *1 (a showing of "good cause" requires specific factual allegations which demonstrate that, if the facts are fully developed, might support Petitioner's claims for relief).  The Court finds that these requests are speculative at best and are an attempt to conduct unnecessary discovery for possibly relevant materials. Moreover, Petitioner has had over fifteen years to request the information he now seeks yet has failed to do so. Finally, most of the information requested is likely not in the possession and/or control of the Respondent, but would most likely only be obtainable from the relevant police agency. Accordingly, the Court finds that the Petitioner has failed to establish on the present record that good cause exists for the requested discovery.

In light of the above, Petitioner's request to serve the proposed interrogatories is **denied**.

## II.     Motion to expand the record

Petitioner has also made a motion to expand the record to include "additional materials relevant to the determination of the petition" that he obtains through the requested discovery. Dkt. No. 48, Affidavit at 12.  Petitioner also asks to expand the record to include documents that

were not included in the record because they were not used during the proceedings surrounding his collateral motions in state court. *Id.*, Affidavit at 13. Respondent opposes the motion to expand the record. Dkt. No. 49. In particular, Respondent argues that any records not introduced by Petitioner in the course of his state court collateral proceedings are not properly before this Court and submit that "the State courts must first be given the opportunity to consider them." *Id.*, Aff. at 3. Respondent also asserts that Petitioner "has failed to provide specific evidence that the requested materials will support his habeas corpus petition." *Id*.

Rule 7 of the Rules Governing Section 2254 Cases permits the Court to direct the parties to supplement the state court record with materials **relating** to the petition. Rule 7(b) states items that may be used to expand the record include "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." The decision of whether to order Rule 7 expansion is within the sound discretion of the district judge. *See Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir.) (holding that record expansion is left to discretion of the district court), *cert. denied*, 488 U.S. 928 (1988).

Turning first Petitioner's request to expand the record to include any documents gathered by Petitioner in the course of discovery, since Petitioner's motion to conduct discovery has been denied, Petitioner's motion to expand the record in this regard is **denied as moot**.

Next the Court considers the documents in Petitioner's possession **but not considered during Petitioner's state court collateral motions**. *See* Dkt. No. 48, Affidavit at 13-14. Because Petitioner did not give the state court opportunity to review the documents and has not demonstrated how these documents **are related to** a determination of Petitioner's claims, Petitioner's motion is **denied** as to these documents.

5

Finally, Petitioner lists 27 exhibits in support of his motion for discovery. *See* Dkt. No. 48, Affidavit for Exhibits at 3-4. It is not clear whether Petitioner is also trying to expand the record to include these exhibits. To the extent that Petitioner is trying to include these additional "exhibits" as part of the state court record, his motion is **denied** in this regard as well. The Court has reviewed the state court record submitted by the Respondent and finds that **at least** 21 of the 27 exhibits are included in the record. As to the remaining "exhibits," the Court finds that they are also not related to a determination of Petitioner's claims.

Accordingly, Petitioner's motion to expand the record is **denied**.

### III.    Motion for sanctions

Turning to Petitioner's motion for sanctions, Petitioner seeks sanctions against the Respondent claiming that Respondent (1) filed incomplete state court records and (2) filed "manipulated, subterfuged, frivolous/vexatious opposition to the Petitioner's Discovery/Interrogatories/Expand Record." Dkt. No. 50, Notice of Motion at 2. Petitioner seeks an Order (1) directing Respondent to withdraw his "Answer/MOL/Record on Appeal," (2) directing Respondent to withdraw their opposition to Petitioner's motion for discovery and to expand the record, (3) directing Respondent to respond to Petitioner's interrogatories, (4) scheduling a teleconference or a hearing for the sanctions motion, and (5) imposing costs upon Assistant Attorneys General McMartin and Schwartz. *Id*. at 2-3. Respondent opposes the motion, arguing that (1) Petitioner is simply "rehashing the same types of claims that he already raised in his habeas petition," (2) to the extent that Petitioner is seeking relief from Respondent's summary judgment motion, that motion was denied; and (3) Respondent's return included extensive documentation regarding the underlying state court proceedings and does not warrant sanctions. Dkt. No. 51. Petitioner has replied to the response. Dkt. No. 52. Petitioner argues,

*inter alia*, that he (1) is not trying to "rehash" his petition claims, (2) does not seek relief from the summary judgment motion but merely referred to that motion to demonstrate that the Respondent had knowledge of certain 440 motions and "the 2001 appeal docket 12742 ... that he did not specifically outline in his 1/ 25/05 Return/Answer," and (3) the record submitted by the Respondent does not contain necessary documents and does contain "unrelated documents that need to be sorted out." Dkt. No. 52 at 2-3.

The Court **denies** Petitioner's motion for sanctions as without merit. When the Court reviews the merits of the Petition, the Court will also review the state court record. To the extent that the state court record submitted is found to be incomplete, the Court will direct the Respondent at that time to supplement the record with the appropriate documents.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's request for discovery (Dkt. No. 48) is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that Petitioner's request to expand the record (Dkt. No. 48) is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that Petitioner's request for sanctions (Dkt. No. 50) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copyof this Order on the parties.

Dated: February 1, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge