UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
JOHN WILLIS RICHARD,

                                   Petitioner,

          -v.-                                                       9:03-CV-0920
                                                                                 (FJS)(GJD)
ROY GIRDICH,

                                   Respondent.
--------------------------------------------------------------------------------
JOHN WILLIS RICHARD
Plaintiff, *pro se*

ANDREW M. CUOMO                            MICHAEL G. McCARTIN, Esq.
New York State Attorney General            Assistant Attorney General

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## DECISION and ORDER

## I. Introduction

     By Decision and Order entered February 1, 2007 ("February Order"), I denied petitioner's motions (1) seeking discovery in this habeas corpus proceeding;[1] (2) requesting expansion of the record;[2] and (3) for sanctions.[3] Dkt. No. 53.

---

   [1] Petitioner's discovery motion was denied because the interrogatories were directed to Assistant Attorney General Michael McCartin, who is ***not*** a party to this action. (Dkt. No. 53 at 3). Further, the court found that petitioner's discovery requests were speculative and that he failed to establish that good cause existed for the requested discovery. *Id.* at 4.

   [2] Petitioner's motion to expand the record was denied because he did not give the state court an opportunity to review the documents and did not demonstrate how the documents were related to a determination of his claims. (Dkt. No. 53 at 5).

   [3] Petitioner's motion for sanctions, which claimed that Respondent filed incomplete state court records, was denied as without merit. *Id.* at 7. The court noted that it would review the state court record when it reviewed the merits of the petition. *Id.*

**II. Motion for Reconsideration**

Presently before the court is petitioner's motion for reconsideration of the February Order.[4] Dkt. No. 54. In support of his motion for reconsideration, petitioner claims that the court committed "clear error" in denying his motions for discovery, expansion of the record and sanctions. *Id.* at 3. Respondent opposes this motion on the ground that petitioner has failed to meet the "high standard" for reconsideration. (Dkt. No. 55).

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.)(citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)(citations omitted). I will consider each

---

[4] Petitioner has also submitted 84 pages of excerpts from petitioner's § 440.10 motion, in support of his motion for reconsideration. Dkt. No. 54-2.

2

motion separately.

    **A. <u>Discovery</u>**

In support of his claim that the court should reconsider the denial of his motion for discovery, petitioner argues that Assistant Attorney General (AAG) McCartin has been "responding to pleadings," and that it was logical for petitioner to serve interrogatories on the AAG. (Dkt. No. 54 at 3). Petitioner states that the rules of discovery in civil cases are "vague" and he should be allowed a chance to amend.[5] *Id.* at 5. Petitioner further states that he proved in his discovery motion that the documents he sought existed. *Id.* Petitioner states that the court failed to "properly compare" his motion for discovery with the record of his post-conviction motions filed in state court. *Id.* at 6. Petitioner also states that the court ignored his request for DNA discovery. *Id.* at 7.

As noted, petitioner attaches 84 pages of "exhibits" to this motion for reconsideration. (Dkt. No. 54-2). Presumably, these are the post-conviction motions Petitioner wishes the court to "properly compare" to his discovery motion. The court would first point out that unlike the usual civil litigant, a habeas petitioner is not automatically entitled to discovery. *Gonzalez v. Bennett*, 2001 U.S. Dist. LEXIS 19798, *11 (S.D.N.Y. Nov. 30, 2001). The petitioner must make a motion for

---

    [5] It is unclear what document petitioner wishes to amend. The court notes that if petitioner wishes to amend his discovery requests so as to be in compliance with the February Order, he may do so by submitting a proper motion for discovery.

3

discovery, and the district court judge must determine whether petitioner has shown "good cause." 28 U.S.C. fol. § 2254, Rule 6.[6]  Although petitioner asks the court to "compare" documents, the court cannot be expected to go from document to document, and search for the relevant parts, in an attempt to determine the totality of petitioner's arguments.  Petitioner must set forth his entire legal argument within the confines of his motion.

In his motion for reconsideration, petitioner asserts that the Court ignored his request for DNA discovery.  I did not specifically address each individual item in Petitioner's discovery request in the February Order because the interrogatories were improper *in toto* as addressed to AAG McCartin. (Dkt. No. 54 at 3).

Petitioner addresses issues already decided by the court.  Petitioner does not establish that good cause exists for the requested discovery; rather, he states his confusion over the requirements for making such a motion and requests that the court re-read his motion. (Dkt. No. 54 at 3, 6).  Therefore, his request for reconsideration of that part of the February Order denying his motion for discovery is denied.  I do note, however, that if I determine upon a review of the merits of petitioner's application that discovery is necessary, I may reconsider the issue at that time.

---

[6] Although petitioner refers to Rule 6 of the Federal Rules of Civil Procedure, clearly he is referring to Rule 6 of the Rules Following Section 2254 Cases, which governs discovery in habeas corpus actions.

**B. Expansion of the Record**

In support of his claim that the court should reconsider the denial of his motion to expand the record, petitioner states that the court improperly adopted Respondent's allegations that the documents he intended to submit to the court were not a part of the state court record. *Id.* at 8. Petitioner states that the court's ruling on his motion to expand the record is unfounded and without proper review. *Id.*

Once again, petitioner seeks to relitigate issues already decided by the court. Rule 7 of the Rules following section 2254 provide for "Expanding the Record." 28 U.S.C. fol. § 2254, Rule 7. This rule provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record . . . ." *Id.* Expansion of the record is generally considered if the petition is not dismissed on the pleadings, and the purpose is to dispose of some habeas petitions without the time an expense required for an evidentiary hearing. *Id.* Advisory Committee Notes.

The Second Circuit has held that where specific allegation before the court show that, if the facts are more fully developed, the petitioner may be entitled to relief, the court must provide the "necessary facilities and procedures for an adequate inquiry." *Drake v. Portuondo*, 321 F.3d 338, 345-46 (2d Cir. 2003)(citing *inter alia Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997))(internal quotation marks omitted). As stated above, if when the court is evaluating this petition, it determines that petitioner would be entitled to relief if the facts were developed further, the court may

5

reconsider expanding the record.[7]

### C. **Sanctions**

In support of his claim that the court should reconsider the denial of his motion for sanctions, Petitioner states that the court should "reread" his "sanction motion carefully." *Id.* Petitioner states that, although the court has discretion to deny his motion and postpone its review of the state court record, "the better course in this situation" is for the court to review the record immediately. *Id.* at 9. Petitioner then cites Local Rule 72.4(d)[8] and states that the court must sanction Respondent because he did not submit state court records in accordance with the Local Rule. *Id.* at 15.

Contrary to Petitioner's assertions, a "violation" of Local Rule 72.4(d) does not require the court to impose sanctions on the respondent. Local Rule 72.4(d) sets forth procedures to be followed "[i]f" state court records are to be submitted with the respondent's answer. The Rules Following Section 2254 Cases indicate that the respondent must attach to his answer records that "respondent considers relevant." 28 U.S.C. fol. § 2254, Rule 5(a). Rule 5 does not mandate that every record in petitioner's state court case be filed if it is not "relevant" to petitioner's claims. If

---

[7] The court must point out, however, that a petitioner who failed to develop the factual basis of a claim in state court is generally barred from obtaining an evidentiary hearing in federal court, unless the state court has prevented him from properly developing the record. *Drake v. Portuondo*, 321 F.3d at 346 (citations omitted).

[8] Local Rule 72.4(d) outlines the proper form in which state court records are to be submitted with a respondent's answer to a habeas corpus petition.

petitioner believes that all the appropriate records have not been filed, he may file the documents in support of his decision or he may ask the court to order respondent to file state court papers that are known to exist and that were *part of* the state court record.[9]  Thus, if petitioner believes that respondent has not filed the appropriate records, petitioner may submit those records, together with an explanation of why the records are relevant to the issues.

### III.  Conclusion

Because Petitioner has not established any of the above-cited factors relative to this motion for reconsideration, the motion (Dkt. No. 54) is **DENIED**.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's motion for reconsideration (Dkt. No. 54) is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: May 2, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[9] This includes only records that were actually before the state court. Rules 6 and 7 address records that may not have been before the state courts as discussed above.